[*609]                    *PIERCE against DART.(a)

An    action      ON certiorari from a justice's court.   Dart sued Pierce,
for  erecting  a  in the court below, for a nuisance, in building a fence
fence across a
public    high-   across a public highway, near the residence of the plaintiff
way,   will  not  below; in consequence of which he complained that he
lie  for special
damage to an      had received special damage.
individual, by
reason that the      Several questions were now raised by the counsel for the
highway   was     plaintiff in error, which it is not deemed important to no-
more contigu-
ous, and there-   tice.   The main questions were, whether the special damage
fore more bene-
ficial; and the   received by the plaintiff below, was of that nature and ex-
deprivation of    tent which would warrant an action by him, or whether
its use, there-
fore, more in-    the remedy lay in a public prosecution only; and whether,
jurious to him
than to others.   if the plaintiff below could otherwise have sustained an ac-
He must sus-
tain some spe-
cific damage, to warrant an action.
   But trifling damage is sufficient; as if he be detained on his way.
   The remedy by action is not barred by the act of abating the nuisance.
   On certiorari from a justice's court, the judgment will not be reversed for excess of dama-
ges, where the action below was for a tort; e. g. case for special damage arising from a public
nuisance.

                    (a) This cause was decided in August term last.

tion, it was not barred by his having abated the nuisance. The facts, as to these two heads, will be found sufficiently stated in the opinion of the court.

*L. Monson*, for the plaintiff in error.

*E. Root* and *S. R. Hobbie*, contra.

*Curia.* (After overruling several minor objections raised by the counsel for the plaintiff in error.) The only real questions are, 1. Whether the plaintiff below showed such special damage as entitled him to recover: and 2. If that was shown, whether his abating the nuisance was such a remedy as barred his action.

In considering the special damage, we must lay out of view the fact now set up, that the road was more contiguous, and therefore more beneficial to the plaintiff below than to others. He might have been more injured by the obstruction on this account than others; but it is not such an injury as the law will notice. The right of action for obstructing a highway can never be determined by the distance at which the party resides from it. All the cases *agree, that there must be some specific damage to the party before he can sue.

[*610]

The only evidence of damage in this case, is derived from the testimony of Seely. He swears that Dart had considerable trouble in pulling down the fence. The witness was with Dart four times when he pulled it down; once when Dart was returning from church, and again when he had been out, and was returning home in a severe rain storm.

The defendant openly declared at the trial, that he had erected the fence, and intended to do it again; though we understand from the return, that he had not yet done so at the time of the trial, after it was last abated by the plaintiff.

The damage to the plaintiff was but a trifle. It consisted in the delay, and the time spent in abating the nuisance. Gibbs would not place it higher than 6 cents at each abatement, or 25 cents in the whole.

It is conceded that special damage would maintain the action ; but denied that this is the kind of damage intended by the rule. The question is certainly not without its difficulties. The English cases have fluctuated ; and until a recent decision of the king's bench, no rule defining the nature or limit of the individual injury which is to warrant the action, can be found. In *Hart* v. *Bassett*, (T. Jones, 156,) it was held enough that the plaintiff was obliged, by the obstruction, to convey his tithes by a more circuitous route. *Iveson* v. *Moor*, (Carth. 451,) gave an action where the plaintiff was prevented from carrying his coal in carts and carriages ; and *Chichester* v. *Letheridge*, (Willes, 71,) holds, that obstructing the highway by bars, &c., and withholding the plaintiff from abating the nuisance, so that he could pass, was sufficient.                                      /

*Hubert* v. *Groves*, (1 Esp. Rep. 148,) and which was considered by the king's bench on motion for a new trial, held, that being put to the necessity of going a circuitous route, was not such special damage as would warrant the action. And there is a *dictum* in *Paine* v. *Partrich*, (Carth. 194,) that delay of a journey by which one is \*damnified, and some important affair neglected, is insufficient.

Nor are the American cases exactly uniform. In *Hughes* v. *Heiser*, (1 Bin. 463,) where the cases already mentioned are considered, the plaintiff recovered on the ground that he was prevented from passing down the Big Schuylkill with his rafts. But in *Barr* v. *Stevens*, (1 Bibb's Kentucky Rep. 293,) Trimble, J., in delivering the opinion of the court, says it is not enough that one is turned out of his way ; and he seems to require that some corporal damage should arise from the injury.

· The late case of *Rose* v. *Miles*, (4 M. & S. 101,) overrules the *dictum* in *Paine* v. *Partrich*, and the case of *Hubert* v. *Groves*. It adopts the other English cases, with the principle of *Hughes* v. *Heiser* ; and, for the first time, seems to furnish an express general rule for the class of cases which we are considering. The plaintiff's passage down a public navigable river was obstructed ; and he was put to expense in going a circuitous route. An action on the case for this

injury was sustained by the whole court; and we think
the principle to be extracted from the case is, that any, the
least injury to an individual, as an expense of time or mo-
ney, or labor, &c., entitles him to an action.   It is a special
damage, as contra-distinguished from the injury to the pub-
lic in general, which is theoretical, or resting in presump-
tion of law only.   Lord Ellenborough said the injury did
not rest merely in contemplation.   The plaintiff was im-
peded in the act of navigating, and incurred expense.   If
a man's time or money is valuable, it seemed to him that
this was a particular damage.

Such seems to be the distinction deducible from a ma-
jority of the cases.

In the case at bar, the plaintiff was certainly put to some
expense.   There was a delay, and labor in abating the nui-
sance, so that he might proceed on the road.   True, the
injury was trivial; and it is not difficult to see that the
damages are excessive.   But we cannot interfere on that
ground where the action below is for a tort.

*But it is contended that the remedy by action was    [*612]
barred by the abatement; that the plaintiff, having taken
the means of redress into his own hands, is concluded, as
in case of distraining an article damage feasant.   We do
not understand this to be the effect of removing a nuisance.
True, it is treated in the books as a remedy by the act of
the party.   But it does not operate to redress the injury
like a distress.   It is preventive merely; and resembles
more an entry into land, or recaption of personal property.
Neither will bar an action for the original invasion of the
plaintiff's right.   Suppose in this case the plaintiff's horse
or carriage had been injured; would it be pretended that
his afterwards throwing down the fence, should operate as
an indemnity?   The case at bar depends on the same prin-
ciple.

The judgment below should be affirmed.

Judgment affirmed.