RICHARD L. BROWN *versus* JONATHAN WATSON.

Although no person can maintain an action for a common nuisance, unless he has suffered special damage thereby, yet, when one returning home with a loaded team is stopped by obstructions placed in the highway, and compelled to take a more circuitous route, he is entitled to recover damages from the person who placed the obstructions there.

Under our statute, damages cannot be recovered against a town in such a case; but the rights and remedies of parties injured, and the liabilities of the person erecting the nuisance, under the common law, remain unaltered.

For an injury to a private person, by a common nuisance, however inconsiderable, he may maintain an action.

TRESPASS ON THE CASE. Appeal from a justice of the peace. On trial of the appeal, the case was submitted to the Court, on the evidence, with leave to except.

It appeared in evidence, that the plaintiff, having been from home, was returning with a loaded team over the way in question, and found the road wholly obstructed by logs and trees felled across it by the defendant, and which the plaintiff could not then remove; and he was compelled to go back, and return to his house, with his load, by another road, a distance of about two miles. For this obstruction and damage to himself, the action was brought.

The defendant denied the existence of the way in controversy; but, in another case tried by the Court, between the same parties, the Court decided, upon the evidence adduced, that it was a public highway, by user, continuing nearly forty years.

The Court ruled that this action could be maintained, and ordered a default to be entered, with nominal damages. The defendant excepted.

*E. Hutchinson,* in support of the exceptions, cited statute of 1841, c. 25, § 89; R. S., c. 18, § 61. If towns are only liable for actual injuries, and not for consequential damages, it is not perceived how any and every one who may be delayed by an obstruction in the highway can have a right of action. Those who obstruct a highway may be punished for a nuisance. R. S., c. 25, § 98; c. 18, § 70; 20 Maine, 246; 29 Maine, 310; 32 Maine, 536; 33 Maine, 271. Private ways are subject to different rules, and damages suffered are to be remedied by suit, as in other private injuries; but if a right of action accrued to every one obstructed and delayed on a highway, there would be no end to lawsuits.

*D. D. Stewart,* for the plaintiff, replied. — An action lies where an individual suffers special damage by an obstruction on the highway. 2 Chitty on Pl., 808–9; 2 Bing., 156, 263; 4 M. & S., 101; 1 Chitty, 142; 9 Moore, 489; *Stetson* v. *Faxon,* 19 Pick., 147; *Atkins* v. *Boardman,* 2 Met., 469; *Sutherland* v. *Jackson,* 32 Maine, 80; *Barden* v. *Crocker,* 10 Pick., 388; *Cole* v. *Sproule,* 35 Maine, 161; *Thayer* v. *Boston,* 19 Pick., 514.

The opinion of the Court was drawn up by

APPLETON, J. — The defendant obstructed the public highway, over which the plaintiff was passing, by felling trees across the same, so as to render it impassable. He thus caused a nuisance, for which he might have been indicted.

The law is well settled, that no person can maintain an action for a common nuisance, unless he has suffered therefrom some special and peculiar damages other and greater than those sustained by the public generally. Those, who have no occasion of business or pleasure to pass over a road thus obstructed, and who have not attempted it, cannot maintain an action for the obstruction thereon.

The case of the plaintiff is different. He was returning home with a loaded team, as well he might, upon a legal highway, till, on his way, he was stopped by the obstructions of the defendant, and compelled, with his team, to proceed by a more circuitous route to his place of destination. The trouble and loss of time thus arising may not be great, but that affords no reason why the defendant, who wilfully caused them, should not recompense him therefor.

" An action of the case lies by the plaintiff for the disturbance of a way by stopping it, *per quod uti non possit.*" 1 Com. Dig., Action on the Case, A 2. It was decided in *Griesley* v. *Codling*, 2 Bing., 263, that a person, being obstructed on his journey and obliged to proceed by a more circuitous route, might recover for the loss of time and inconvenience, against the individual by whom the obstructions were erected. The same right of action was held to exist against one obstructing a navigable river. *Rose* v. *Miles*, 4 M. & S., 103. The same principles were affirmed in *Pierce* v. *Dart*, 7 Cow., 609. The individual obstructed, removing the obstructions, was held entitled to recover the expenses thus incurred in *Lansing* v. *Wiswell*, 5 Denio, 213. The Supreme Court of Pennsylvania applied the principles of the common law, as already stated, to the analogous case of a public highway by water. *Heiser* v. *Hughes*, 1 Bin., 463. In *Pittsburgh* v. *Scott*, 1 Barr., 309, the declaration alleged that, in consequence of the alleged common nuisance, the plaintiffs were forced to conduct their horses and carts by a longer and more difficult way, and it was held that the action could be supported on this ground. In accordance with these authorities is the case of *Stetson* v. *Faxon*, 19 Pick., 147, in which the whole subject is elaborately discussed in the learned opinion of Mr. Justice PUTNAM.

It has been held that a recovery could not be had against a town for loss or inconvenience arising from its negligence in not seasonably removing an obstruction, in consequence of which the plaintiff was delayed in his journey or was obliged to take a more circuitous route. *Holman* v. *Townsend*, 13 Met., 297. The same principle, as applicable to towns, has

been recognized as law in this State, in the case of *Weeks* v. *Shirley*, 33 Maine, 271. The duties and obligations of towns are regulated solely by statute; and these decisions rest entirely upon the peculiar language of the statute imposing them. But the common law, as to nuisances, is unchanged. The rights and remedies of those injured thereby, and the liabilities of those causing an injury through their unlawful acts, are unaffected by any statutory enactments. They remain as at common law.

It is urged that, to sustain this action, would lead to a multiplicity of suits; that is to say, that very many persons have been put to loss and inconvenience by reason of the wrongdoings of numerous defendants; and that because they are so many, therefore, none should receive compensation. In other words, the better is the defence of wrongdoers, the more numerous the persons whom they have injured, and the more extensive and wide spread the consequences of their injurious acts. A principle like this would undoubtedly be grateful to all wrongdoers; but it would hardly commend itself to the sufferers.

For an injury to a particular person, as by a common nuisance, no matter how inconsiderable the injury, he may maintain an action. *Alexander* v. *Kerr*, 2 Rawle, 83.

*Defendant defaulted.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.