**AFSCME COUNCIL 93**

v.

**MAINE LABOR RELATIONS BOARD**

**and**

**Town of Rumford.**

Supreme Judicial Court of Maine.

Argued April 4, 1996.

Decided June 21, 1996.

Stephen P. Sunenblick (orally), Sunenblick, Reben, Benjamin & March, Portland, for Plaintiffs.

Michael R. Poulin (orally), Skelton, Taintor & Abbott, Auburn, for Town of Rumford.

M. Wayne Jacobs (orally), Augusta, for Maine Labor Relations Board.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

AFSCME, Council 93 (AFSCME) appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) affirming a decision of the Maine Labor Relations Board (the Board) that rejected its claim against the Town of Rumford (the Town). At issue is a Board rule pertaining to the amendment of a complaint. The Board concluded that the amendment did not relate back to the filing date of the original complaint because that complaint was dismissed as frivolous. Finding no error in the Board's interpretation or application of its rule, we agree with the Superior Court and affirm the judgment.

In 1994, AFSCME filed a prohibited practice complaint against the Town alleging violations of the Maine Public Employees Labor Relations Law (MPELRL). Specifically, the complaint alleged that the Town violated 26 M.R.S.A. § 964(1)(E) (1988) by directly negotiating a labor dispute with an employee in the absence of a union representative. The Town denied the allegations, and, in addition, asserted that the complaint was time-barred because the incident occurred more than six months prior to the filing of the complaint. *See* 26 M.R.S.A. § 968(5)(B) (1988).

When the Board held an evidentiary hearing in 1995, AFSCME filed an amended com-

plaint, adding an allegation that the Town violated 26 M.R.S.A. Section 963 (1995) which states:

No one shall directly or indirectly interfere with, intimidate, restrain, coerce or discriminate against public employees or a group of public employees in the free exercise of their rights, hereby given, voluntarily to join, form and participate in the activities of organizations of their own choosing for the purposes of representation and collective bargaining, or in the free exercise of any other right under this chapter.

The amendment alleged that the Town violated the above provision by falsely informing the employee's union representative that the employee had already been terminated by the Town; that the union representative (unknowingly) relayed this false information to the employee; and that the employee agreed to a demotion and released all claims in the false belief that he had already been terminated. The Town objected to the amended complaint and once again raised the statute of limitations as an affirmative defense.

After an evidentiary hearing on the original complaint that continued over the course of three separate days, the Board issued an order containing the following rulings and conclusions of law:

AFSCME's amended complaint, offered on February 15, 1995 was admitted by the Board on February 24, 1995.

AFSCME's original complaint is frivolous: the record amply demonstrates that there was no attempt to directly deal with employee Richards and no refusal to negotiate with the union representatives. Accordingly, the original complaint is dismissed.

The amended complaint may not relate back to the filing of the original complaint: "because the original complaint has been dismissed there is nothing left to amend."

*See Geroux v. City of Old Town,* No. 84–24, 7 NPER 20–15016 (Me.L.R.B. June 18, 1984).

Accordingly, the amended complaint must be considered to have been filed on January 15, 1995, which is more than 6 months after the alleged wrongful acts, and more than 6 months after the union was made aware of the alleged wrongful acts. Therefore, the amended complaint was not timely filed and must be dismissed.

The Superior Court denied AFSCME's appeal, finding that "the ... Board was correct in its decision that the prohibited practice complaints which are the subject of the appeal were not timely.... [and that] the ... Board's analysis of the 'relation back issue' was correct...." From this order, AFSCME appeals.

■ AFSCME argues that the Board erred in ruling that the amendment could not relate back to the original complaint. The Board argues that there is nothing to relate back to when the original complaint has been dismissed. In addition, the Board contends it is irrelevant that the original complaint was dismissed after the Board granted leave to amend: the order could have been vacated by the Board at any time, and the grant of leave to amend was interlocutory.

If this case were controlled by the Maine Rules of Civil Procedure, the Board's reasoning would be incorrect. To rule that an amended complaint may not relate back to the filing date of the original complaint, when the original complaint must be dismissed, defeats the very purpose of allowing amended complaints pursuant to M.R. Civ.P. 15. *See, e.g., Nadeau v. State of Maine,* 395 A.2d 107, 117 (Me.1978) ("Had the tribunal granted the State's 12(b)(6) motion, Nadeau would typically have been granted leave to amend his complaint.").[1]

---

1. The following commentary on M.R. Civ.P. 15 is instructive:

**Section 15.1 Purpose and Scope**

The purpose of Rule 15 is to facilitate the disposition of litigation on the merits and to subordinate the importance of pleadings. The philosophy of the rules is that pleadings are not an end in themselves but only a means of bringing into focus the area of actual controversy. Leave to amend should be freely granted when justice so requires. A party should not be precluded by the technicalities of pleading from presenting his claim or defense on its merits unless the pleadings have misled the opposing party to his prejudice.
....

This case, however, is not a matter within the original jurisdiction of Maine's courts. It falls within the exclusive jurisdiction of the Maine Labor Relations Board and is subject only to judicial review. We have stated on numerous occasions that when the Legislature enacts a statute and entrusts its administration to a particular agency, we defer to the agency's interpretation and application of the statute. *See, e.g., Imagineering, Inc. v. Superintendent of Insurance,* 593 A.2d 1050, 1053 (Me.1991). When, as here, the agency's own internal rules and procedures are at issue, the level of deference is heightened.[2] The Board's long-standing interpretation of its own rules, stated previously in *Geroux* and repeated here in the present case, will not be disturbed.

The entry is:

Judgment affirmed.

All concurring.

---

**Section 15.3 Amendment after Dismissal of Complaint**

After judgment on dismissal of a complaint for failure to state a claim, the right to amend depends upon leave of court, but the admonition to allow amendment "freely" still applies. Amendment is ordinarily permitted as a routine matter, at least the first time, if it appears that the defect can be corrected.

In fact, the United States Supreme Court has held that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.", denial of an amendment after judgment is an abuse of discretion.

....

*Maine Civil Practice,* Field, McKusick and Wroth, West 1970, pp. 301–303.

**2.** It is noteworthy that the National Labor Relations Act specifically incorporates the Federal Rules of Civil Procedure, thereby incorporating F.R.C.P. 15(c). 29 U.S.C.A. § 160(b) (1996). The MPELRL, on the other hand, states that prohibited practice complaints are to be handled by the Board in accordance with its *own* rules of procedure. 26 M.R.S.A. § 968(3) (1995). Despite an ambiguous reference in an explanatory note, the Board's rule makes no explicit reference to "relating back", except with respect to an amendment offered before a responsive pleading is filed and an amendment made in response to notice from the Board. In pertinent part, the rule provides as follows:

(B) A party may amend its complaint once as a matter of course at any time before a responsive pleading is served. Amendments made in response to a notice from the Board of errors and insufficiencies shall be filed within fifteen calendar days of service of the notice. Amendments must be served on all other parties. When the claim asserted in an amended complaint arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the permitted amendment shall relate back to the date of the original pleading.

(C) If, after the opportunity for amendment has expired, the allegations in the complaint do not constitute a prima facie violation of the applicable prohibited act provision(s), the complaint may be summarily dismissed in whole or in part by the Executive Director or the Director's designee and the parties shall be notified in writing of the determination. A party whose complaint is summarily dismissed in whole or in part may appeal to the Board, within fifteen calendar days after the issuance of the dismissal, by filing a motion requesting review of the dismissal. The motion shall clearly and concisely set forth the points of fact and law which are contended to be sufficient to establish a prima facie violation of the applicable prohibited act provision(s). Upon the filing of a timely motion for review the Board shall examine the complaint as it existed when summarily dismissed in light of the averments contained in the motion. If upon such examination the Board finds the complaint insufficient it shall affirm the summary dismissal of the charge and the parties shall be notified in writing of the determination. If the Board finds the complaint to be sufficient it shall reinstate the complaint and shall so notify the parties.

(D) A party shall file a response to an amended complaint within ten calendar days after service of the amended complaint, in conformity with the requirements of Rule 4.05.