STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 MAY 27 P 3: 33

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.S AP-04-035
AP-04-065

Francis P. Drake,
        Petitioner

        v.

City of Portland and
        142 Presumpscot, LLC,
        Respondants

ORDER

JUL 15

---

This case comes before the Court on Plaintiff's motions for consolidation, for leave to amend the complaint, for stay, and for orders specifying the future course of proceedings.

## FACTS

Petitioner Francis P. Drake (Petitioner) has filed two 80B appeals of decisions made by the Respondent City of Portland (the City) regarding site approval and a building permit issued to Respondent 142 Presumpscot, LLC (142, LLC). Petitioner owns property at 160 Presumpscot Street. The disputed business owned by 142, LLC is partly located in a Light Industrial zoning district and partly located in a Residential zoning district.

1. Petitioner objects to the City's granting site approval to 142, LLC for a 9,800 foot warehouse addition. Petitioner objected that the site plan's loading dock, setback, parking and vehicle use violate the City's site plan and zoning ordinances. On June 22, 2004, Petitioner appealed the decision to the City Planning Board and his appeal was denied. On July 7, 2004, Petitioner then filed an 80B appeal (CV-04-035) in this Court. On August 13, 2004, this Court ordered

the case remanded after the record below was inadvertently lost. On October 15, 2004, Petitioner asked to amend his Complaint to add counts demanding this Court compel action on Petitioner's appeal regarding the building permit, described below.

2. Petitioner also objected to the City's issuing a building permit to 142, LLC because the proposed loading delivery door, vehicle use, and set back on a residential side of the property allegedly violate the City's zoning ordinances. Although Petitioner sought a hearing in September 2004, it was delayed, first because of one party's surgery and then, because the ZBA lacked a quorum. On November 4, 2004, Petitioner appealed the issuing of the permit before the City's Zoning Board of Appeals (ZBA) and his appeal was denied. Petitioner then brought an 80B appeal of the ZBA's decision (CV-04-065).

Before the Court are Petitioner's motions as follows:

a) Petitioner has moved to consolidate his two 80B appeals, one of the site plan approval and one of the building permit issuance, to which Respondents object.

b) Petitioner has moved to amend each of his two complaints.

c) Petitioner has moved in each case to specify the future course of proceedings.

d) Petitioner has moved to stay further construction at 142, LLC pending the outcome of an appeal to the ZBA.

I. Motion to consolidate.

2

Under M.R. Civ. P. 42(a),[1] this court may consolidate actions dealing with "a common question of law or fact." It is within this court's discretion whether to allow a motion for consolidation. *Maietta v. Int'l Harvester Co.*, 496 A.2d 286, 290-91 (Me. 1985). "Consolidation of actions involving a common question of law or fact between the same parties may produce obvious savings" of time and resources. 1 FIELD, McKUSICK & WROTH, *Maine Civil Practice* § 42.4. at p. 586. Respondents oppose the consolidation, arguing that each appeal concerns the decision of separate City boards and alleged violations of separate sets of ordinances.

Here, the two 80B appeals involve identical parties, and pertain to a single instance of property development. However one appeal is of a decision of the Planning Board under one set of ordinances and the other, an appeal of the decision of the Zoning Board of Appeals under another set of ordinances. The record of each hearing on appeal is separate and the arguments in support of or in opposition to the decisions below are also different. Because the two matters involve separate questions of fact and law, this Court declines to consolidate them.

II. Motion to Amend the Complaint

Maine Civil Rule 15 provides that leave to amend pleadings "shall be freely granted when justice so requires." M.R. .Civ. P. 15(a). The purpose of Rule 15 "is to facilitate the disposition of litigation on the merits and to subordinate the importance of pleading." *AFSCME Council 93 v. Maine Labor*

---

[1] (a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, in the same county or division or a different county or division, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. M.R. Civ. P. 42(a).

*Relations Bd.,* 678 A.2d 591, 592 n.1 (Me. 1996)(quotation omitted). The Law Court has interpreted Rule 15(a) to require "if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice." *Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales,* 1998 ME 53, ¶ 15, 707 A.2d 1311, 1315 (citations omitted). Undue prejudice to the opposing party means "something more than an increased likelihood of defeat in the litigation." *Kelly v. Michaud,* 651 A.2d 345, 347 (Me. 1994). However, a motion to amend may also be denied where the amended complaint would be futile. *Glynn v. City of S. Portland,* 640 A.2d 1065, 1067 (Me. 1994). "'Futility'" means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). In a analysis of "futility," the court "applies the same standard of legal sufficiency as in a Rule 12(b)(6) motion." *Id.* Thus, a "dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole,* 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Prot.,* 498 A.2d 260, 266 (Me. 1985)).

Here Petitioner asks to supplement his pleading in the matter of the City's site approval decision by the Planning Board (AP-04-035) to include a mandamus claim compelling the ZBA to hear Petitioner's appeal of issuance of a building permit to 142, LLC and to enjoin 142, LLC from further construction pending that appeal. Because the ZBA heard Petitioner's appeal in the matter of the building permit on November 4, 2004, and Petitioner has appealed that decision (AP-04-065), Petitioner's motion to supplement the pleadings to add Counts II and III in (AP-04-035) is moot and should be denied. Similarly, Petitioner's

4

Motion to Stay construction pending the outcome of the ZBA hearing should, likewise, be denied.

Petitioner also seeks to amend his pleadings in the matter of the City's issuance of the building permit (AP-04-065) to include an independent claim in nuisance. Respondents argue that Petitioner's claim is futile because no theory of nuisance applies to these facts.

In Maine, to establish a cause of action for public nuisance, a private individual "must show that he has 'suffered therefrom some special and peculiar damages other and greater than those sustained by the public generally.'" *Charlton v. Town of Oxford*, 2001 ME 104, ¶ 27, 774 A.2d 366, 375 (citing *Brown v. Watson*, 47 Me. 161, 162 (1859)). A plaintiff showing special damage may then bring a cause of action "[n]o matter how inconsiderable the injury." *Id.* The leading Maine decision on the meaning of special damage is *Brown v. Watson*. Simmons, Zillman & Gregory, *Maine Tort Law* § 14.03 at 424. There the Court found that a defendant who obstructed a public roadway road certainly interfered with the right of the general public to pass; however, an individual plaintiff who was blocked from actually passing down the road to go home suffered "special damage," and was entitled to bring a public nuisance action. *Id.* (citing *Brown* at 163-64).

Here, Petitioner's property is located on Grafton Street which is also the primary means of access to the warehouse. Petitioner alleges in his pleadings that he suffers special damage from the truck traffic, and from 142, LLC's failure to improve the portion of Grafton Street it uses. Taking the facts as alleged in the pleadings to be true, Petitioner has alleged "damages different from those suffered by the community" by virtue of his property's location on Grafton Street

and has sufficiently plead special damages and a cause of action in public nuisance. Because Petitioner is bringing an independent claim pursuant to M.R. Civ. P. 80B(i), Petitioner's motion to specify the future course of proceedings in the matter of the building permit (AP-04-065), will likewise be granted.

Petitioner Francis P. Drake's Motion to Consolidate is hereby **DENIED**.

Because it is not clearly futile, Petitioner Francis P. Drake's Motion to Amend Pleadings in AP-04-065 to add an independent claim for public nuisance is hereby **GRANTED**. This Court further **GRANTS** Petitioner's Motion to Specify the Future Course of Proceedings in the matter of that independent claim.

Because they are moot, Petitioner Francis P. Drake's Motion to Amend the Pleadings in the matter of AP-04-035, Petitioner's Writ and Motion to Stay AP-04-035, and Petitioner's Motion to Specify the Future Course of Proceedings in AP-04-035 are hereby **DENIED**.

Date_____May 27, 2005_____

_____
Justice/Superior Court

Date Filed ___11-29-04___ ___Cumberland___ Docket No. ___AP-04-65___
County

Action ___80B Appeal___

FRANCIS P. DRAKE

CITY OF PORTLAND and
142 PRESUMPSCOT, LIMITED LIABILITY COMP

vs.

Plaintiff's Attorney
David A. Lourie, Esq.
189 Spurwink Avenue
Cape Elizabeth, ME 04107-9604

Defendant's Attorney
Roy T. Pierce, Esq.
One City Center
PO Box 9546
Portland, Me. 04112-9546

Penny Littel, Esq. City of Portlan
389 Congress St.
Portland, Me. 04101

Date of

---

Date Filed _7-7-04_ _CUMBERLAND_ Docket No. AP04-35
County

Action ___80B APPEAL___

FRANCIS P. DRAKE

CITY OF PORTLAND
142 PRESUMPSCOT LTD. LIABILITY C

vs.

Plaintiff's Attorney
David Lourie Esq.
189 SPURWINK AVENUE
CAPE ELIZABETH ME 04107-9604

Defendant's Attorney
Penny Littell, Esq. (City of Portland)
City of Portland
Portland City Hall
389 Congress Street
Portland, ME 04101
207-874-8480

Brenda Buchanan, Esq. (142 Presumscot)
57 Exchange St. Roy Pierce, Esq.
Portland, ME 04101 One City Center
772-1262 Portland, ME 04112-

Date of