STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. AP 20 18


AV
*et. al.*


v.                                      REMAND ORDER

JEANNE M LAMBREW


This matter is before the court on the Petitioner's appeal of the decision of an administrative hearing officer for the Department of Health and Human Services ("DHHS"). This case arises out of the heartrending impacts the coronavirus pandemic has had both on the families of patients in nursing facilities trying to maintain contact with those patients and on those facilities faced with difficult decisions in order to protect its residents. For the reasons described herein, the court remands the matter back to the Department for further hearing.[1]

Petitioner is severely disabled and was a resident at a nursing facility operated by Intervenor Horizons Living and Rehab Center ("Horizons"). Petitioners' family frequently visited the Petitioner prior to the virus. When the virus forced Horizons to end visitation, the family withdrew the Petitioner from the facility for a leave of absence.

While Petitioner was on her leave of absence, the pandemic caused Horizons to end all admissions to the facility. Horizons did not have the resources to quarantine incoming patients. The policy barring admissions included the Petitioner when she chose to return. Horizons sent a discharge notice to the Petitioner. She then appealed her

---

[1] The court remands this appeal without oral argument. *See* M.R. Civ. 80C(1) (oral argument to be scheduled "[u]nless the court otherwise directs." *Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶26, 961 A.2d 538 (Rule 80C permits court to direct that oral argument not be scheduled).

1

discharge to the Department. After a hearing, the Department's hearing officer sided with Horizons and the Petitioner appealed to the Superior Court.

The Department initially responded to the appeal in support of the hearing officer's decision. In late August, however, the Department granted Petitioner's Motion for a Stay, finding that the Petitioner showed "a strong likelihood of success on the merits." Tab 41. In response to the Petitioner's Brief, the Department indicated that the hearing officer applied the wrong set of regulations and left out other potentially applicable regulations. The Department requested that the court remand the matter for future proceedings. The Petitioner joins the request. Horizons has objected to a remand.

On an administrative appeal, one of the court's options is to remand the matter back to the administrative hearing officer for additional proceedings. 5 MRSA 11007(4)(B). A remand is the appropriate "remedy for an agency's failure to act on all matters properly before it or to make sufficient and clear findings of fact is a remand to the agency for findings that permit 'meaningful judicial review.'" *Harrington v. Kennebunk*, 459 A.2d 557, 561 (Me. 1983).

Here, the Department has indicated that although the regulations overlap, the hearing officer's use of the incorrect regulations may have resulted in an incorrect decision. An agency's interpretation of its own internal rules will be given considerable deference. *Beauchene v. HHS*, 2009 ME 24, ¶ 11. In addition, the court will defer to the Department's determination that, procedurally, a remand to consider the evidence in light of the different regulations will provide for more meaningful judicial review. *AFSCME Council 93 v. Maine Labor Rels. Bd.*, 678 A.2d 591, 593 (Me. 1996) (deferring to agency's own internal rules and procedure.)

Horizon objects to the remand. In spite of those objections, the court believes the better approach is to get the Department's reasons for the change in position, as well as

2

Horizon's objections to those reasons, on the record for a more complete and meaningful judicial review.

Therefore, it is ORDERED:

The case is REMANDED to the Department for further proceedings. No party shall be limited in their ability to present relevant evidence relating to or in response to the hearing officer's consideration of the effect of any applicable regulations.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: Dec 22, 2020

Thomas R. McKeon
Justice, Maine Superior Court

3