SAMUEL KELLINGER, Appellant, v. THE FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY, Respondent.

The owners of property adjoining a street in the city of New York, laid out under the act of 1813, have an easement in the street, in common with the whole people, to pass and repass, and also to have free access to their premises; but the mere inconvenience of such access occasioned by the lawful use of the street by a railroad is not the subject of an action.

Plaintiff's complaint alleged that defendant laid its track so near the sidewalk, in front of his premises, as not to leave sufficient space for a vehicle to stand, and that he and his family are thereby incommoded in leaving and returning to their residence, and the rental value of his premises is greatly depreciated. On demurrer,—*Held*, the complaint did not contain a cause of action.

(Argued June 12, 1872; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming an order sustaining a demurrer to plaintiff's complaint, and affirming a judgment entered upon such order.

The complaint of the plaintiff alleged in substance that he was the owner of certain premises situate upon Union square, in the city of New York, in front of which defendant had laid and constructed its tracks; that one of the tracks was in such close proximity to the sidewalk, in front of his premises, as to interfere with, impede and prevent his complete enjoyment of the use and occupation of said premises; that there was not sufficient space between the sidewalk and the track to admit of any kind of vehicle to be driven to or remain in front of his premises, and that he is thereby prevented from driving his family carriage up to the sidewalk either to receive or return his family without great risk, and that by reason of the proximity the value of his premises is greatly impaired and the rental diminished; that defendant's road was constructed without obtaining plaintiff's consent, and without taking any proceedings to acquire title. Plaintiff asked judg-

ment for the damages, and also for an injunction restraining defendant from the use and occupation of said track. · Defendant demurred, "that the complaint does not state facts sufficient to constitute a cause of action."

*Edward Mackinley* for the appellant. A grant by a public officer or body to a private party is to be interpreted in favor of the grantor and the public. (*Mohawk B. Co. v. U. and S. R. R. Co.*, 6 Paige, 554.) Plaintiff has an easement in the street, of which he cannot be deprived without consent or compensation. (Laws of 1860, p. 211; 10 Barb., 367; 16 N. Y., 109; 1 Sand., 341; 7 Barb., 535, 551.) The construction of a railroad is an appropriation of a street for a purpose dehors that for which the fee was surrendered. (39 N. Y., 410, 411.) Any person who suffers a peculiar injury from a public nuisance may maintain an action. (27 N. Y., 193.) This use of the street alleged in the complaint is a public nuisance. (*Hart v. Mayor*, 3 Paige, 213, and 9 Wend., 571; *Wetmore v. Tracy*, 14 Wend., 250; *Stetson v. Faxon*, 19 Pick., 147; *Mosher v. U. and S. R. R. Co.*, 8 Barb., 427; 37 id., 380; 7 id., 516, 518, §§ 5, 9; 37 id., 394, 399, 402, 403, 411, 412; 7 id., 543.) Ingress and egress to and from real property are constitutional and natural rights that inherently surround the soil and ever attend upon its proprietorship. (*The First Baptist Church v. The U. and S. R. R. Co.*, 6 Barb., 313; *The First Baptist Church v. S. and T. R. R. Co.*, 5 id., 79; *Drake v. The Hud. R. R. R. Co.*, 7 id., 508; *Mosher v. U. and S. R. R. Co.*, 8 id., 427; *Chapman v. The A. and S. R. R. Co.*, 10 id., 360; *Fletcher v. The A. and S. R. R. Co.*, 25 Wend., 462; *The, etc., Waterloo v. The A. and R. R. R. Co.*, 3 Hill, 567; *Renwick v. Morris*, 3 Hill, affirmed; 7 Hill, 575; *Peckham v. Henderson*, 27 Barb., 207; *Corning v. Louerre*, 6 John. Ch., 439; *Brown v. The C. and S. R. Co.*, 12 N. Y., 486; *Doolittle v. Supt. Broom Co.*, 18 id., 160; quoting and approving *Corning v. Louerre*, 6 John. Ch., 439; *Davis v. The Mayor*, 14 N. Y., 506; *Williams v. The N. Y. C. R. R. Co.*, 16 id., 97;

*Stetson* v. *Paxon*, 19 Pick., 250; 4 Hill, 76; 21 Barb., 409; 2 Dut. [N. J.], 148; Broom's L. M., 191, 357.)

*Moses Ely* for the respondent. When a railroad company has acquired a right to lay its tracks through a street, it is not a nuisance, and is not liable for any consequential damage, unless guilty of misconduct or neglect. (*Williams* v. *The N. Y. C. R. R. Co.*, 16 N. Y., 97, 104; *Chapman* v. *The A. and S. R. R. Co.*, 10 Barb., 360; *People* v. *Kerr*, 37 id., 357; S. C., 27 N. Y., 188.)

CHURCH, Ch. J. It is not alleged in the complaint that the plaintiff owns the fee of the street in front of his premises, nor that the track of the defendant's road was unnecessarily or negligently or willfully laid so near the sidewalk as to impair the use of his premises and depreciate its rental value.

We cannot take judicial notice of the width of the street at that point, nor but that the track of the road was laid in the only available space vacant for that purpose. Nor is it alleged that the grade of the street has been changed, or that there is any physical obstruction to free access to the plaintiff's premises, nor any practical difficulty in passing over the track. The gravamen of the action is that the defendant has laid the track of its road so near the sidewalk as not to leave sufficient space for a vehicle to stand, and that the plaintiff and his family are thereby incommoded in leaving and returning to their residence, and that the rental value of said premises is greatly depreciated. The action is based upon the idea that the easement in the street, which the plaintiff is entitled to, has been and is being interfered with, and that he is entitled to compensation for the injury occasioned by such interference and an injunction to restrain the defendant from using their railroad. The corporation of the city of New York has acquired by grant, dedication or confiscation the title in fee to the land on which the streets are laid, but the title thus vested is held not as private property, but in trust for public use, and such as was acquired under the act of 1813 is

by that act expressly declared to be held in trust for the purpose of maintaining public streets. In *The People* v. *Kerr* (27 N. Y., 188), this court held that the trust of the city was *publici juris*, held not for the benefit of the people of the city alone, but for the people of the whole State, as the agent of the State, and a part of its governmental machinery, and that consequently the absolute control and direction of the trust was in the legislature as the superior power; that legislative authority to construct a railroad on the surface of the streets without a change of grade was a legitimate exercise of the power of regulating public rights for public uses, and that the city was not entitled to compensation, because it had as a corporation no property which was appropriated.

It is not quite clear as to what was intended to be decided relative to the rights of abutting owners. The opinion of WRIGHT, J., which the case states was acquiesced in by a majority of the judges, affirms explicitly that such owners had no property, estate or interest in the land forming the bed of the streets in front of their respective premises, to be protected by the constitutional limitation upon the right of eminent domain; that they had no reversionary right, and even if they had, it was only a possibility so limited as to be subsequent in enjoyment to a prior present ownership that might last forever, and was not property entitled to protection from appropriation by the will of the government, and that if it was, it had no appreciable value. Two of the judges queried whether such owners might not have some interest, independent of the rights which the public had acquired to have free access to their premises, but thought that no such question was involved in the case.

We should feel bound to adhere to this decision, and its necessary legal results, even if we doubted its soundness, because large sums of money have been expended upon the faith of it, and in many obvious ways it has become a rule of property which should never be abrogated except for the most cogent reasons. It is, however, strenuously insisted by the plaintiff that the decision does not reach the point

involved in this case, but I am unable to see why it does not. It clearly holds that the abutting owners had no property in the street which was taken for the railroad, for which they were entitled to compensation, and in this respect the case is distinguishable from *Williams* v. *N. Y. C. R. R. Co.* (16 N. Y., 97); *Craig* v. *Rochester City and B. R. R. Co.* (39 N. Y., 404), and other kindred cases which hold that the laying of a railroad in a street or highway is an additional burden to the easement which as *against the owners in fee* the public had previously acquired, and for which such owners were entitled to compensation. These decisions have no application when the fee as well as the easement is vested in the public. This distinction is expressly recognized in these cases. In the former, SELDEN, J., said : " No case is likely to arise in the city of New York which would be entitled to any weight in the decision of this question for the reason that it is claimed, and apparently with much justice, that as to a large portion of the streets in that city the fee of the land, and not mere easement, is vested in the corporation." The railroad of the defendant is not therefore a public nuisance. It was authorized by the sovereign power of the government. If it had been a public nuisance, the adjoining proprietor being specially incommoded and injured, could maintain an action. (6 Barb., 313; 37 id., 357, and cases there cited.) The basis of his action would have been that he suffered a peculiar inconvenience not common to all the inhabitants of the State, resulting from the public wrong of obstructing the street. In this case the foundation of such an action is wanting, viz. : the unlawfulness of the act. It was authorized by law, and adjudged by this court to be for public use and within the uses to which the streets may be devoted. The fee being in the public, the legislative authority can lawfully consent to modify, regulate or enlarge its use for the benefit of the public. If these positions are sound, the corporeal rights of property of the plaintiff have not been impaired. Neither his property nor any right of property has been taken from him or injured, and his injuries are referable to that class of incidental disadvantages

to which he is subjected resulting from the lawful exercise of the absolute power of control vested in the State, in connection with the title to the fee of the land. This, I think, necessarily results from the principles determined in *The People* v. *Kerr, supra.*

The abutting owners have an easement in the street in common with the whole people to pass and repass, and also to have free access to their premises, but the mere inconvenience of such access occasioned by the lawful use of the street is not the subject of an action.

There are expressions in some of the opinions apparently favoring the idea that such an action may be maintained. It was said in *Drake* v. *Hudson R. R. R. Co.* (7 Barb., 508), that for contingent and consequential injuries, the parties aggrieved are not entitled to compensation as for property taken for public use, but that an action will lie for such injuries. The force of this remark is spent in limiting it to the statement that such injuries are not a taking of property within the meaning of the Constitution, without intending to define what injuries might be recovered for by an action, and this view is confirmed by another portion of the same opinion, in which it is said that adjoining owners have no exclusive right in the streets, but that all other citizens, including railroad companies, have equal rights, subject to the control of the public authorities. If this is so, there is no principle which will sustain an action for incidental injuries growing out of a lawful regulation by the public. When it is determined that a horse railroad is a public use of the street, the question is settled, that incidental inconveniences must be submitted to. They become merged in the superior interest of the public. The decision in *Fletcher* v. *Auburn & S. R. R. Co.* (25 Wend., 462) is cited and relied upon by the plaintiff. There the defendants were authorized to build a railroad upon a line to be selected by themselves, and to cross public highways, by restoring them to their original usefulness. In crossing the highway near the plaintiff's premises, they raised an embankment, which obstructed free access and otherwise

injured his property, and they were rightfully held liable for the damages. The power exercised in that case by the legislature was entirely unlike that exercised here.

In the first place, the fee of the highway was assumed to be in the adjoining owner, and the court held that the legislature had not and could not, without compensation, authorize the injury complained of, and that all that the legislature professed to do was to protect the defendants from prosecution by the public for obstructing the highway, leaving the rights of the plaintiff untouched. The authority was in no sense a regulation of the use of the highway, but a privilege granted free, as against the public only. Similar views are applicable to the case in 2 Dutch., 148. These and like cases are reconcilable with *The People* v. *Kerr, supra,* upon the difference between the extent of the rights and powers of the public authorities, possessed and exercised in the different cases, although the expressions of judges may seem to conflict. It is conceded that the authority to lay a railroad in the streets in the city of New York is lawful without compensation or liability to adjoining owners, and yet the laying of such road even in the widest streets may be and often is a disadvantage and injury to the property adjoining the street, rendering it less accessible and desirable and less valuable. If this action can be maintained, I see no reason why in all cases of inconvenience and injury a similar action might not lie. The principle would be the same, and the injury would be only a question of degree. Such a result would not only overthrow previous adjudications, but would unsettle rights of property to an incalculable amount, and inflict serious injury upon the public. But while we feel bound to hold that this action cannot be maintained upon the allegations contained in the complaint, we do not intend to determine that there are no circumstances which will justify an action. All the authorities concur that an injury to private rights or property, committed through negligence or willful misconduct, even though in the pursuit of a lawful purpose, may be redressed by an action.

We are not called upon to determine what acts would amount to negligence so as to give a cause of action. That question is not before us.

The judgment in this case must be affirmed, with leave to the plaintiff to amend the complaint, on payment of costs.

All concur.

Judgment accordingly.