## Case No. 9,580a.

### MILLER v. LONG ISLAND R. CO.

[10 Reporter, 197;[1] 5 Cin. Law Bul. 634.]

Circuit Court, E. D. New York. July 13, 1880.

RAILROAD—USE OF STEAM — NUISANCE — INJUNCTION — ABUSE OF FRANCHISE — PARTIES TO INJUNCTION —FENCINGS WITH CROSSINGS IN TOWN —PRIVATE INCONVENIENCE.

1. Where a railroad is a lawful structure, and the use of steam is permitted by law, the use of the road and the use of the steam on it, independently of any abuse, is not a public nuisance to be enjoined. Where the abuse, if any, is general and common to all owners of adjacent property, the defendants can be called to account only by the sovereign authority.

2. The fencing of a railroad in a city with gates at the street crossings is a regulation for public safety, and any incidental inconvenience is merged in the superior interest of the public.

Bill in equity. The action was brought to restrain defendant from building a railroad, and fencing the same, on Atlantic avenue, in Brooklyn.

S. Hand, S. Sterne, and G. Thompson, for plaintiff.

B. F. Tracy and E. B. Hinsdale, for defendant.

BLATCHFORD, Circuit Judge. The railroad in question being a lawful structure, and the use of steam power on it being lawful, the use of the road, and the use of the steam power on it by the defendants, is not and cannot be of itself, independently of any abuse in the manner of use, a public nuisance to be enjoined. If there be any abuse in the use of the road, or of steam power on it, such abuse is, on the evidence, one which affects the plaintiff and his property no differently from the manner in which it affects all owners of property along the avenue. The abuse, if any, is one for which the defendants must and can be called to account, not by the plaintiff, but by the sovereign authority of the state or of the city. Osborn v. Brooklyn

---

[1] [Reprinted from 10 Reporter, 197, by permission.]

City R. Co. [Case No. 10,597]; Currier v. West Side Elevated R. Co. [Id. 3,493].

The foregoing observations apply equally to the fencing. The use of the road and of steam power on it being lawful, it seems to be proper and necessary that the road should be fenced in with gates at the street crossings. This is a regulation for public safety properly made by the common council under the act of 1876. Any incidental inconvenience from the fencing is merged in the superior interest of the public. Kellinger v. Forty-Second St. R. Co., 50 N. Y. 206.

Bill dismissed.