Johnson J.
1. Did the court below err in overruling the defendant’s objection to the foregoing question put by the State on cross-examination of defendant ? If so, was the error such as requires a reversal of the judgment ?
The defendant, having voluntarily offered himself as a witness in his own behalf, and testified in chief, thereby subjected himself to a legitimate and pertinent cross-examination. While occupying the witness stand he was entitled to the saíne rights and privileges, and was subject to the same rules of evidence as any other witness. Brandon v. People, 42 N. Y. 261. The fact, that he was also a party accused of a crime, clothed •him with no greater rights or privileges as a witness, nor subjected him to any different rule of cross-examination than others. The same latitude and the same limitations apply to his cross-examination, as if he had not been a party. As a party his right to object to incompetent questions, addressed to himself as a witness, are the same as if they were addressed to any other witness. The State cannot by its own witnesses, nor by a cross-examination of defendant’s, give evidence of facts tending to prove another distinct offense, for the purpose of raising an inference of the prisoner’s guilt of the particular crime charged. Coble v. State, 31 Ohio St. 100; Hamilton v. State, 34 Ohio St. 82 ; Commonwealth v. Thrasher, 11 Gray, 450. This limitation on the extent of a cross-examination, applies to the cross-examination of the defendant himself. As a party, he has the right to object, because such evidence is incompetent.
But the defendant, while a party, was also his own witness, subject to cross-examination.
If error would not lie to a like cross-examination of any other witness, as to his previous conduct, for the purpose of affecting his credibility, we see no reason why it should, when ;a party himself is the witness. The object and importance of a cross-examination of a defendant is the same,.and-therefore the rules governing it should be the same. In matters collateral and irrelevant to the particular charge, it is difficult to klefine with precision the limits of such cross-examination when the object is to test the credibility of a witness.
*181 In this court the question may be regarded as settled, that i£ The limits to which a witness may be cross-examined on matters not relevant to the issue, for the purpose of judging of his character and credit from his owm voluntary admissions, rest in the sound discretion of the court trying the cause. Such questions may be allowed where there is reason to believe it will tend to the ends of justice; but they ought to be excluded when a disparaging cotuse of examination seems unjust to the witness and uncalled for by the circumstances of the case.” Wroe v. State, 20 Ohio St. 460.
In that case one of the questions asked the witness on cross-examination was: ££ Are you not now under indictment for murder in the second degree in this court ?” The defendant objected, his objection was overruled, and the witness answered that he was, but had pleaded not guilty.
After a careful review of the authorities, the conclusion stated was reached, and for the reason that the limits of such a cross-examination must in a great measure rest in the sound discretion of the court trying the case. This court therefore refused to reverse the judgment, there appearing no abuse of that discretion. That case is decisive of this, unless it be that defendant’s rights as a party, add a limitation to the cross-examination that does not exist in the case of another witness. In this respect, Brandon v. People, 42 N. Y. 265, is exactly like the case at bar.
The defendant was indicted for larceny, and after evidence was given in support of the charge, she was placed upon the stand in her own behalf, and denied her guilt. On cross-examination she was asked if she had ever been arrested for theft. Her counsel objected, but the question was allowed, and she answered that she had. The court, after laying down the principle that the defendant, as a witness, was subject to the same rules as other witnesses, refused to reverse the conviction, holding that any abuse of this latitude of cross-examination is guarded against in two modes: (1) By the pi-ivilege of the witness to decline to answer any question which may disgrace him or tend to charge him as a criminal; (2) By the power of the court to prohibit an unreasonable or oppressive cross-exami *182 nation. In the case at bar the witness did not claim this privilege, but answered as shown in the statement of facts.
So in Great Western v. Loomis, 82 N. Y. 127, it was held that the court in which a cause is tried, in the exercise of its discretion, may exclude disparaging questions not relevant to the issue, put on cross-examination for the purpose of impairing his credit, and it may, in its sound discretion, allow, such questions where there is reason to believe they may tend to promote the ends of justice. See also People v. Conners, 50 N. Y. 210.
In People v. Crapo, 76 N. Y. 288, these cases were commented upon and distinguished, but it is a mistake to suppose that it conflicts with them. There the defendant was on trial for la/reeny, and was a witness in his own behalf. On cross-examination he was asked if he had ever been arrested on a charge of l)igamy. The question was allowed, but the judgment that followed was reversed, the court holding that such irrelevant questions must at least be such as clearly go to impeach the general moral character and credibility of the witness. Whether he had been charged with bigamy did not’ tend to impair the credibility of the prisoner as a witness. It was further added, and in this we fully concur: “ The discretion which courts possess, to permit questions of particular acts to be put to witnesses for the purpose of impairing their credibility, should be exercised with great caution when an accused is a witness on his own trial. He goes upon the stand under a cloud; he stands charged with a criminal offense, not only, but is under the strongest possible temptation to give evidence favorable to himself. His evidence is therefore looked upon with suspicion and distrust, and if, in addition to this, he may be subjected to a cross-examination upon every incident of his life, and every charge of vice or crime which may be made against him, and which has no bearing upon the charge for which he is being tried, he may be so prejudiced in the minds of the jury as frequently to induce them to convict upon evidence which would otherwise be deemed insufficient.” While we fully concur in these remarks, as applicable to the court trying tire .case, *183 it is not claimed they furnish any reason for depriving that court of the exercise of its sound discretion.
Eor an abuse of that discretion, as in the case from 19 N. Y., the appellate court may reverse; but unless it is manifest from the whole record, that such discretion has been abused to the prejudice of the party complaining, error will not lie. Thus in Lee v. State, 21 Ohio St. 151, it was held that: “ Where an accomplice testifies as a witness, a liberal and full cross-examination, for the purpose of testing the truth of his statement,, should be permitted; and it is error to restrict such cross-examination within unreasonable limits.” The same would undoubtedly be true, where the cross-examination was extended, against his objection, to such an unreasonable range, in matters not affecting his credibility, as to prejudice the defendant’s cause.
It is true this court has held in Bank v. Slemmons, 34 Ohio St. 142, that it is no ground for reversal, that the court refused to compel a witness on cross-examination to answer a question as to matters not relevant to the issue, for the purpose of impairing his credibility; but that is not in conflict with the case of Lee v. State, where it appeared upon the record that the question disallowed was pertinent for the purpose of testing the recollection and veracity of the witness.
In the case at bar we are unable to say that there has been such an abuse of that discretion as warrants a reversal. We by no means sanction that latitude of cross-examination sometimes indulged in, for the purpose merely of disgracing a witness, which neither relates to the issue nor seems to test the credibility of the witness. Where such is the object of a cross-examination it is the duty of the court to disallow it, and to confine it to proper limits. For obvious reasons, it is difficult to define these limits in general terms. The extent of such a cross-examination must be left, in a great measure, to the discretion of the trial court, subject only to review where that discretion has been abused.
II. The defendant was indicted as a principal under section 6804 of the Revised Statutes, which provides that:. “ Whoever aids, abets, or procures another to commit an offense may *184 be prosecuted and punished as if he were the principal offender.” Evidence was offered tending to show that the actual killing was done by defendant’s brother, Howard, though defendant was present, aiding and abetting the act.
The court, after instructing the jury as to what constitutes a principal, and what an aider or abettor, to which there is no exception, told the jury that if the two, Howard lianoff and defendant, had formed a joint design to kill deceased, and at the time of the killing they were acting in concert, with the joint intent to kill, and that, while Howard did the manual act of killing, Horner was aiding and abetting the accomplishment of the common design, then he is guilty, and may be convicted as a principal under the indictment.
In this we think there was no error. The statute in direct terms authorizes the prosecution and punishment of any one who is an aider or abettor, as a principal offender. Under the former statute (1 S. & C. 416) the act of aiding and abetting was an independent off&nse punishable the same as the act of the principal offender. It did not declare how he should bc prosecuted. Hence the common law forms of indictment were resorted to, and he was indicted.as an aider and abettor of a principal.
Under the Revised Statutes this practice has been modified, so far as to provide that he may be prosecuted as well as punished, as if he were the principal offender.

Motion overruled.