The opinion of the Court was delivered by
Levy, J.
Plaintiffs, about forty in number, property owners on Thalia street, in tbe City of New Orleans, complain that tbe said city, on tbe 3d of December, 1880, passed an Ordinance, No. 6732, supplemental to Ordinance No. 6695, granting tbe right of way through Thalia street to tbe New Orleans Pacific Eailway.
They allege that said ordinances are illegal and void, granting tbe *463 sight to said Company to make tracks, switches, turnouts, sidings and structures of every kind, through said street to the river front, and to operate the same by steam. That they are the owners of property fronting on said street; that the same is a public highway and absolutely neeessary to enable them to make use of their property and enjoy the rights of ownership thereon ; that the narrow width of said street is such, that the city liad no power to grant any right of way to any railway company, upon any street which would impair its usefulness to the public, or would enable said Company to obstruct the street by permanent structures, inconsistent with its use as a street. If a track is laid thereon, it is too narrow, from Claiborne, to Water street, to permit any vehicle to pass through, or stand upon said Thalia street, and no sufficient space would remain on either side for that purpose, that would enable plaintiffs to use said street as a public highway. That said city and Company are attempting to pervert said highway from its original purpose, in an unauthorized and illegal manner. They aver that no authority was delegated to said city by the legislature, and the city is prohibited by Article of the Constitution of 1879, from granting such right of way. That if said track is laid upon said street, it will destroy the value of plaintiffs’ property, prevent every mode of locomotion on said street, and convert it into a private ■way for the benefit of said Railway Company, and plaintiffs will suffer irreparable injury.
They allege that they have suffered damages in the sum of $1,001, for whieh elaim is made. They pray for an injunction restraining said Company from laying any track upon Thalia street, from Claiborne to Water street, and from constructing any switches, turnouts, sidings and structures thereon.
An injunction was issued as prayed for.
By an amended petition the City of New Orleans was made a party to the suit.
The defendant Railway Company filed the peremptory exception of no cause of action, and subsequently an answer, admitting the adoption of the Ordinance in question, averring its legality and otherwise denying generally all the allegations of the plaintiffs’ petition.
There was judgment maintaining the exception, dissolving the injunction and dismissing plaintiffs’ suit with costs. Plaintiffs take this appeal.
Practically, both the exceptions and the merits were covered by the ■evidence introduced on both sides, and the facts, as well as the law, are fully set forth. We therefore proceed to the consideration and decision of the case, on the evidence presented in the record and the *464 points raised. High on Injunctions, 817, 839; Dillon on Municipal Corporations, 661;.558-9.
We shall first consider the validity of the grant by the City of New Orleans, and whence it derived the right to make the same. “ It lias often been decided and is settled, that the legislature has the power to authorize the building of a railroad on a street or highway, and may directly exercise this power, or devolve it upon the local or municipal authorities.” Dillon on Mun. Corp., § 655; 27 Penn, St. 839.
Act No. 14 of Session of 1876, grants to the N. O. P. Railway Company the right and power “ to construct and maintain its said railroads, or any part of the same, and to have the right of way therefor across or along or upon any waters, water courses, river, lake, bay, inlet, street, highway, turnpike or canal within the State of Louisiana, which the course of said railways may-intersect, touch or cross; provided the said Company shall preserve any water course, street, highway, turnpike or canal, which its said railways may so pass upon, along, or intersect, touch or cross, so as not to impair its usefulness to the public unnecessarily,” etc. The Act of 1870, establishing the city government, gives to the municipal corporation the right to regulate and make improvements to the streets, public squares, etc.
•• Ordinance No. 6732, Administration Series, of December 3d, 1880, authorized and empowered said Railway Company “ to locate, construct and maintain an extension of its railroad, with all necessary tracks, switches, turnouts, sidings: and structures of every kind, convenient and useful,'and appurtenant to said railroad, upon lines and levels to be furnished by the City Surveyor, across Claiborne Canal into and through Thalia street to the river.front, and to operate the same by steam or otherwise, for the transportation of cotton, tobacco, grain, merchandise and other freight, etc.; provided, there shall be but one track laid on Thalia street, from Claiborne to Water street,” and further providing for the proper paving, grading, laying of the rails, etc., with a view to rendering said street passable and convenient-to the public.
- While admitting that “ the fee of the streets .is in the public,-or the city for public use.,.” plaintiffs contend that the city has no right?-to do any act which would embarrass the free use of the same, and that the use of Thalia street granted to the Company, does embarrass its free irse, and virtually and practically grants the exclusive use to the Railway Company.
If the fee in the streets is in the public, or in the municipality in trust for the public use, the doctrine is settled ■ that the legislature may authorize them to be used by a railroad' company, without compensation to adjoining owners, or to the municipality, and. without the consent, *465 and even agcdmt the wishes of either. Dillon Mun. Corp. § 556 ; 24 Iowa, 455 ; 36 Penn. St. 99.
Intliocaseof Commonwealth vs. Erie and Northeast Railroad Company, reported in 27 Pennsylvania State Reports, 339, this question is elaborately and ably discussed; that Court, through its learned Chief Justice Black, said:
“ The right of the supreme legislative power to authorize the building-of a railroad on a street or other public highway, is not now to be doubted. It has been settled not only in England, (1 Born. & Ad. 30) but' in Massachusetts, (23 Pick. 328) New York, (7 Bai'b. 509) and in Pennsylvania, (6 Wheat. 43). If such conversion of a public street to purposes for which it was not originally designed, does operate severely upon a portion of the people, the injury must be borne for the sake of the far greater good which results to the public for the cheap, easy and rapid conveyance of persons and property'by railway. The commerce of a nation must not be stopped or impeded for the convenience of a neighborhood.”
In 18 Barbour N. Y. Reports, Williams vs. New York Central Railway Company, the Court said:
“ The use of a street by a railroad, is one of the modes of enjoying a public easement, and the only restriction upon its application is, that the use to be made of streets must not. be utterly incompatible with, or subversive of the ends for which they Avere established; and, if neither the constitution nor the laws have been transcended in agiAren case, no individual can sustain a suit against a party exercising a right granted him by competent authority.”
“The aid of an injunction cannot be invoked to prevent, nor Avill an action lie to redress,'a consequential injury necessarily resulting from the lawful exercise of a right granted by the sovereign power of the State, or authorized by competent municipal authority.”
These doctrines are maintained. 12 Iowa, 246; 10 Bush. Ky. 288.
In the case last cited, it AA'as held, that OAvners of lots bordering on streets, hold them subject to the right of appropriation of the street to such public uses, promotive of commerce and business, as the general good of the city or town may require, provided such appropriation is not incompatible with the ends for Avhich the street Avas established, as a public Avay for foot passengers, hors mien and the vehicles inordinary use ; and also, that private individuals seeking relief against a public nuisance, must show that they suffer an injury distinct from that suffered by the general public, and that the injury is one that the public, in the promotion of the general interest, has not the right to inflict upon them without compensation. See also, 87 Pa. Stat. 282 ; 3 Camp. 226.
*466 In 50 N. Y. 206, “plaintiff’s complaint alleged that defendant laid its track so near the sidewalk in front of his premises, as not to leave sufficient space for a vehicle to stand, and that his family are thereby incommoded in leaving and returning to their residence, and the rental value of his promises is depreciated,” and on demurrer, it was held that the complaint did not constitute a cause of action.
Dillon on Municipal Corporations, § 581. says:
“But it is not every obstruction, irrespective of its character or purpose, that is illegal, even though not sanctioned by any express legislative- or municipal authority.”
“ Tho law on this point is well stated by the Court in Rex vs. Russell, 6 East. 427: ‘ That the primary object of the street is for the free passage of tho public, and anything which impeded that free passage, without necessity, was a nuisance. That if the nature of the defendant’s business was such as to requiro the loading and unloading of so many more of his wagons than could be conveniently contained within his own private premises, he must either enlarge his premises or remove his business to some more convenient spot.”
Same principles applied to congregation of carts in the public streets, for tho reception of slops from a distillory. Denio, N. Y. 524. To the keeping of coaches at a stand in the streets, waiting for passengers, 3 Campb. 226. To a timber merchant depositing timber in the street, 6 East. 230.
In Pierce on Railroads, p. 230, the following principles are laid down, which to our minds are sound and conclusive: “ The improved method of conveyance may incidentally increase or depreciate the value of property on the highway; but, provided the right of ingress and egress, of passage and ropassage, is left reasonably free to the adjoining owner, the injury is one which the law does not recognize. A railroad laid out over or upon a highway or street, under proper legal authority, is within the legal intent of tho original sequestration or dedication, and is not an invasion of private right entitling the owner to compensation, by virtue of the constitutional prohibition, provided it is so laid and constructed as not to be incompatible with the use of the highway in the other usual modes of passage and conveyance. It is not necessarily a nuisance, even in a largo city, although it may, to a certain extent, interrupt the free passage of other kinds of vehicles; and unless unrea • sonable or permanently exclusive in its occupation of the highway, when authorized by competent authority. The Statute which authorizes the structure to be laid, legalizes the obstruction, and is a defense to an action or an indictment.”
At page 337 : “ Such occupation is, indeed, necessarily exclusive while the railway carriages are passing, as two bodies cannot, under a *467 physical law, occupy the same space at a time ; such temporary exclusive occupation, however, is not peculiar to railway carriages, but attaches to all carriages while passing or stopping. At other times the space covered by the rails, and even the rails themselves, are open to general •use.”
“ The circumstance that improved or different modes of enjoying the public use have affected injuriously or beneficially his remaining estate is hut one of the incidents to which all property is subject in civilized life, not only from the use of highways, but from the use of adjacent land and the various changes in the community.”
The authorities which we have above cited, and to which we have made reference, satisfy us that the judgment rendered in the court a qua is correct, and should not he disturbed hy us. We are satisfied that the use of the street under the right granted to the Railroad Company cannot fairly he coustrued into an exclusive use, or as operating a permanent obstruction.
It is true there may be at times a temporary obstruction and delay and inconvenience to vehicles other than the railway carriages, hut these are inconveniences to which individuals may he temporarily subjected, and to which the public interests are entitled. We find the street sufficiently wide for the use of the railway, and while the trains are passing or stopping along the street, ordinary vehicles will he somewhat restricted in their movements and passage, it is not such unreasonable delay and obstruction as would justify the Court in enjoining the Railway Company from the enjoymentof the right which has been granted.
The judgment appealed from is affirmed at costs of appellants in both . Courts.